**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1205**

---

GEORGE FORBA NWANA,

                                              Petitioner,

          versus

ALBERTO R. GONZALES, Attorney General of the
United States,

                                              Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-626-502)

---

Submitted:  September 22, 2006      Decided:  October 23, 2006

---

Before KING, SHEDD, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Theodore Nkwenti, Silver Spring, Maryland, for Petitioner.  Peter
D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright,
OFFICE OF IMMIGRATION LITIGATION, Francesca U. Tamami, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

George Forba Nwana, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals affirming the immigration judge's decision denying his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Nwana challenges the determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Nwana fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the denial of Nwana's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Nwana fails to show that he

is eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Nwana failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). We find that Nwana failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED